UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **CHRISTOPHER VORE,** | ) Civil No. 3:20-cv-00429 |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) COMPLAINT |
| **CAROLINA POOL PLASTERING, INC.** | ) |
| **and WILLIAM D. DEATON,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff, Christopher Vore ("Plaintiff"), through counsel, brings this action for: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b): (2) the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.*; and (3) conversion against Defendants Carolina Pool Plastering, Inc. ("CPP") and William D. Deaton ("Deaton") (together, "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claims under 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding filing this Complaint. Plaintiff's FLSA claims result from Defendants' policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

2. Plaintiff brings his NCWHA claims pursuant N.C. Gen. Stat. §§ 95-25.1 *et. seq.* and seeks to recover unpaid wages and statutory penalties during the two-year period preceding filing this Complaint. Plaintiff's NCWHA claims result from Defendants' policy and practice of making unlawful payroll deductions from Plaintiff's earned wages.

3. Plaintiff brings his conversion claims under North Carolina common law. Plaintiff's conversion claims result from Defendants' unauthorized assumption and exercise of the right of ownership over tools belonging to Plaintiff.

## THE PARTIES

4. Vore is an adult individual who is a resident of Charlotte, North Carolina.

5. CPP is a domestic business corporation registered and in good standing in the State of North Carolina, located at 9628 Industrial Drive, Pineville North Carolina.

6. Deaton is the majority shareholder of CPP and holds the position of President.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

8. The claims for violations of the NCWHA and state law conversion are based on the statutory and or common law of the State of North Carolina. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claims – both claims arise out of Defendants' unlawful policies and practices related to Plaintiff's compensation and terms and condition of employment with Defendants.

9. This Court has personal jurisdiction because Defendants conduct business in Mecklenburg County, North Carolina, which is within this judicial district.

10. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

11. CPP is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Deaton is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). In this capacity, Deaton is involved in the day-to-day business operations of CPP. Deaton has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to decide regarding wage and hour issues, including the decision to require Plaintiff to work over forty hours a week. At all times, Deaton acted and had responsibility to act on behalf of, and in the interests of CPP in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit.

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

15. Vore was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

16. At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

17. At all times hereinafter mentioned, CPP has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

18. At all times hereinafter mentioned, Deaton has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

19. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

20. PCC is a pool company that provides installation, repair and remodeling services for residential and commercial entities. PCC also installs hardscape and water features for residential and commercial entities.

21. Plaintiff's primary job duties involved physical labor, including performing maintenance, repair and installation of pools for commercial and residential customers. Plaintiff also installed hardscape and water features.

22. At all relevant times, Plaintiff was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

23. Defendants employed Plaintiff during the FLSA's three-year statutory period preceding the filing of this complaint.

24. Defendants employed Plaintiff from about June 2019 until June 15, 2020.

25. Defendants were supposed to pay Plaintiff a daily rate of $150.00 per day, but regularly reduced the daily rate to $75 per day for arbitrary reasons.

26. Vore worked typically worked seven days each week and at least 12 hours per day. Vore estimates he took off approximately six Sundays while employed by Defendants and he worked on all holidays except Christmas. Plaintiff estimates he worked seven days per week all other weeks he was employed by Defendants.

27. Defendants' 9628 Industrial Drive, Pineville North Carolina location has a motion-activated camera surveillance system with cameras both inside and outside of the premises that alerts Defendants each time a person enters the property and Defendants' building.

28. Plaintiff worked over 40 hours every week he worked for Defendants. Plaintiff estimates he worked between 76 and 84 hours or more each week.

29. Defendants did not pay Plaintiff an overtime premium for hours worked over 40 each workweek.

30. Defendants deducted earned wages from Plaintiff each pay period. The payroll deductions were listed as "miscellaneous" on Plaintiff's paychecks and were not made for legitimate purposes.

31. Plaintiff did not authorize the "miscellaneous" payroll deductions. Plaintiff estimates that Defendants unlawfully deducted approximately $2,950.00 from his earned wages.

32. Defendants terminated Plaintiff's employment on or about June 15, 2020.

33. During Plaintiff's tenure with Defendants, Plaintiff purchased Snap-On and other brands of mechanic's tools, which he used to perform his job duties. Plaintiff stored his tools in a toolbox given to him by Defendants at Defendants' 9628 Industrial Drive, Pineville North Carolina location. Plaintiff estimates that his tools are valued between $3,000 to $3,500.

5

34. Following Plaintiff's termination of employment, Defendants unlawfully converted Plaintiff's tools by retaining possession, refusing to return them, and unlawfully exercising the right of ownership over them.

35. Defendants knew or should have known that Plaintiff worked unpaid overtime hours during the FLSA's statutory time period because Defendants assigned the work performed by Plaintiff and supervised Plaintiff's work daily. Defendants also knew that Plaintiff worked on weekends because Defendants' video surveillance system notified Defendants' via text message each time the camera system was activated.

36. Defendants did not accurately track and record the hours worked by Plaintiff as required by the FLSA.

37. Defendants did not pay Plaintiff for the overtime hours he worked during the three-year period prior to filing this lawsuit.

38. Defendants willfully failed to pay Plaintiff the overtime premium required by the FLSA during the three-year period before filing this lawsuit.

39. Defendants made unlawful deductions from Plaintiff's earned wages in violation of the NCWHA.

40. Defendants unlawfully converted Plaintiff's tools following the termination of Plaintiff's employment.

**(Count I-Violation of FLSA – Overtime)**

41. Plaintiff incorporates by reference paragraphs 1-40 of his Complaint.

42. Defendants violated the FLSA by failing to pay overtime wages earned by Plaintiff.

43. Defendants violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

44. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

45. Defendants' violation of the FLSA was willful.

**(Count II-Violation of NCWHA)**

46. Plaintiff incorporates by reference paragraphs 1-45 of his Complaint.

47. Plaintiff's NCWHA claims arise from Defendants' policy and practice of making unlawful payroll deductions from Plaintiff's earned wages in violation of N.C. Gen. Stat. §§ 95-25.8.

48. Defendants unlawfully deducted approximately $2,950.00 from Plaintiff's earned wages.

49. Defendants' conduct was willful.

**(Count III-Conversion)**

50. Plaintiff incorporates by reference paragraphs 1-49 of his Complaint.

51. Plaintiff is the rightful owner of Snap-On and other brands of tools that Defendants wrongfully converted within the meaning of North Carolina law.

52. Defendants assumed and exercised the right of ownership over Plaintiff's tools without Plaintiff's authorization, thus depriving Plaintiff of his rightful possession and use of his property.

53. Defendants' conduct was willful and wanton.

54. Plaintiff has suffered injury because of Defendants' unlawful conversion of his property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order under Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order under N.C. Gen. Stat. § 95-25.22 finding Defendants liable for making unlawful deductions from the wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c) An Order under North Carolina law finding Defendants liable for civil conversion and for damages suffered by Plaintiff, including return of his property and compensatory and punitive damages;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) A Declaration and finding by the Court that Defendants willfully violated provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA;

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jason S. Chestnut
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
Jason Chestnut NCSB #52066

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: phil@gibbonsleis.com
craig@gibbonsleis.com
jason@gibbonsleis.com